**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James L. Jones Jr., ) | No. CV 12-08079-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ReconTrust Company, N.A.; Bank of ) America Mortgage Corporate ) Office/Headquarters, ) | |
| Defendants. ) | |

The court has before it defendants' motion to dismiss amended complaint (doc. 27), plaintiff's "answer to motion to dismiss," which the court construes as a response (doc. 29), and defendants' reply (doc. 32). The court also has before it plaintiff's motion to disqualify (doc. 28), plaintiff's motion for sanctions (doc. 30), plaintiff's motion for Rule 60 relief from judgment (doc. 31), defendants' opposition to plaintiff's motion for Rule 60 relief (doc. 34), and defendants' motion to strike motion for sanctions (doc. 35). Finally, plaintiff submitted an "answer to defendants reply motion to dismiss" (doc. 33), which the court construes as a sur-reply. LRCiv 7.2 does not authorize a response to a reply, therefore plaintiff's sur-reply will not be considered.

**I**

We first address plaintiff's affidavit of truth for disqualification of judge, which we construe as a motion to disqualify pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455. Under

§ 144, whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  The affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits."  United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978).  "[T]he judge against whom an affidavit is filed may pass upon its legal sufficiency. . . . [and] properly deny the affidavit for insufficiency if the facts, taken as true, do not provide fair support for the contention that statutory bias exists." Id.

Plaintiff accuses the court of continuing to rule on motions despite being disqualified from this case.  But the court has not disqualified itself from this case and no basis exists to do so.  There are no facts alleged in the affidavit which, if true, require transfer of the motion to recuse to another judge.  Prior adverse rulings are not extrajudicial sources and thus are not sufficient cause for removal.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  Plaintiff has not alleged any facts which require removal under § 144.

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  We ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted).  "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" Id. (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)).  A reasonable person would not question our impartiality here.  Plaintiff's motion to disqualify is denied.

## II

Plaintiff contends that on February 13, 2012, Joy Sondeno gave plaintiff a quit claim deed to her house in Kingman, Arizona.  Sondeno had taken out a mortgage loan and a home equity line of credit on the house.  Plaintiff claims he discharged these loans and seeks quiet title.  Defendants ReconTrust Company, N.A. ("ReconTrust") and Bank of America, N. A.

1  (incorrectly named as Bank of America Mortgage Corporate Office/Headquarters) contend
2  that plaintiff lacks standing to pursue this action, fails to state a claim upon which relief can
3  be granted, and that the trustee should be dismissed pursuant to A.R.S. § 33-807(E).

### III

5  Plaintiff asks us to take judicial notice of various cases, statutes, a provision of the
6  United States Constitution, and his statements that he reserves the right to amend his
7  complaint and stands on his affidavit as his testimony. Under Rule 201(b), Fed. R. Evid.,
8  "[t]he court may judicially notice a fact that is not subject to reasonable dispute." Plaintiff's
9  cited laws and statements are not proper subjects of judicial notice.

### IV

11 The original borrower, Sondeno, agreed in the deed of trust that the lender could
12 require immediate payment in full of the loan if Sondeno transferred her house without the
13 lender's prior written consent. Plaintiff does not allege that Sondeno received approval or
14 consent of the lender before transferring her interest through the quit claim deed. Defendants
15 allege that, because plaintiff was not a third party beneficiary to the deed of trust, he has no
16 contract with them and lacks standing to contest foreclosure. They argue that the deed of
17 trust permits them to accelerate the loan and, even if the lender had approved the transfer,
18 plaintiff would remain bound by the deed's terms as Sondeno's successor. But plaintiff
19 makes no claim that the quit claim deed destroyed the deed of trust or that acceleration was
20 improper. He contests foreclosure based not on the contract, but on his allegation that he
21 paid off the loans and thus extinguished defendants' liens and their basis for a claim to the
22 house. Plaintiff has standing to assert quiet title.

23 A.R.S. § 12-1101 provides a cause of action for quiet title. A complaint for an action
24 to quiet title must include facts showing that the plaintiff actually possesses title. Verde
25 Water & Power Co. v. Salt River Valley Water Users' Ass'n, 22 Ariz. 305, 307, 197 P. 227,
26 228 (1921). Quiet title is not an available remedy to a plaintiff who does not pay the loan or
27 show that he is "ready, willing, and able to tender the full amount owed." Eason v. Indymac
28 Bank, FSB, No. CV 09-1423-PHX-JAT, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010);

1  see also Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("the court will not
2  quiet the title until and unless [plaintiff] pays off such mortgage lien").

3  Plaintiff's amended complaint alleges that he discharged both loans. He attaches
4  exhibits showing two personal checks with "EFT only" written upon them, made out for the
5  full amount of each respective loan. He also attaches copies of tracking sheets from the
6  United States Postal Service showing packages were delivered by first class mail to a
7  destination in Plano, Texas on February 23, 2012 and May 17, 2012. There is no evidence
8  that the checks were the items delivered to Plano, that defendant Bank of America received
9  the checks, or that defendant cashed the checks.

10  When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a
11  court must construe the complaint in the light most favorable to the plaintiff and must accept
12  all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th
13  Cir. 2000). Plaintiff alleges that he tendered the full amount owed. If his payments were
14  rejected for insufficient funds, improper form of payment, or another reason, then plaintiff
15  would not have discharged the loans and would likely not be entitled to quiet title. But this
16  is an issue which cannot be decided on a motion to dismiss. A complaint "may proceed even
17  if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery
18  is very remote and unlikely.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.
19  Ct. 1955, 1965 (2007) (quotation omitted). Viewed in the light most favorable to plaintiff,
20  his claim for quiet title states enough facts to survive a Rule 12(b)(6), Fed. R. Civ. P., motion
21  to dismiss. This, of course, is without prejudice to the filing of a motion for summary
22  judgment.

23  **V**

24  Plaintiff's amended complaint asserts no claim other than quiet title. While his
25  response to the motion to dismiss makes an allegation of fraud, and defendants ask us to
26  dismiss "his fraud-like claim" in their reply (doc. 32 at 7), plaintiff's amended complaint does
27  not assert a claim for fraud. Nor does it assert that ReconTrust breached its obligations under
28  Arizona statutes or the deed of trust. "The trustee need only be joined as a party in legal

1 actions pertaining to a breach of the trustee's obligation under this chapter or under the deed
2 of trust." A.R.S. § 33-807(E). Therefore, ReconTrust is entitled to be dismissed.

### VI

4 Plaintiff demands sanctions against defendants' lawyers. There is no valid basis for
5 sanctions. Defendants seek to strike plaintiff's demand for sanctions as scandalous pursuant
6 to Rule 12(f), Fed. R. Civ. P., which provides that a court "may strike from a pleading an
7 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But
8 a motion for sanctions is not a pleading as defined by Rule 7(a), Fed. R. Civ. P. Therefore,
9 plaintiff's motion for sanctions will not be stricken pursuant to Rule 12(f).

10 Defendants also seek to strike the motion as procedurally improper, but they provide
11 no supporting authority for striking as opposed to denying the motion on this basis. Under
12 Rule 11(c)(2), Fed. R. Civ. P., a motion for sanctions "must be served under Rule 5, but it
13 must not be filed or be presented to the court if the challenged paper, claim, defense,
14 contention, or denial is withdrawn or appropriately corrected within 21 days after service."
15 The purpose of this "safe harbor" provision "is to give the offending party the opportunity,
16 within 21 days after service of the motion for sanctions, to withdraw the offending pleading
17 *and thereby escape sanctions.*" Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998)
18 (emphasis in original). This provision is strictly enforced within the Ninth Circuit. Holgate
19 v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005). Plaintiff did not comply with the safe harbor,
20 and noncompliance precludes an award of sanctions. See Winterrowd v. Am. Gen. Annuity
21 Ins. Co., 556 F.3d 815, 826 (9th Cir. 2009). Accordingly, plaintiff's motion for sanctions is
22 denied.

### VII

24 Plaintiff seeks relief pursuant to Rule 60(b), Fed. R. Civ. P., which provides that a
25 court may relieve a party from a final judgment, order, or proceeding. There has been no
26 final judgment in this case and plaintiff does not refer to a specific order in his motion.
27 Assuming he seeks relief from the court's order denying his motion for protective order, he
28 fails to show that relief would be justified.

**VIII**

**IT IS ORDERED DENYING** plaintiff's motion to disqualify (doc. 28).

**IT IS ORDERED GRANTING** in part and **DENYING** in part defendant's motion to dismiss amended complaint (doc. 27). Defendant ReconTrust is dismissed from this action. Plaintiff's claim for quiet title remains against Bank of America, N. A.

**IT IS ORDERED DENYING** plaintiff's motion for sanctions (doc. 30), plaintiff's motion for Rule 60 relief from judgment (doc. 31), and defendant's motion to strike (doc. 35).

DATED this 20th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge