**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Jones, Jr., ) | No. CV-12-8079-PCT-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ReconTrust Co., Bank of America ) | |
| Mortgage Corporate Office/Headquarters, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it Bank of America's ("Bank") motion for summary judgment (doc. 60), plaintiff's response (doc. 67), the Bank's reply (doc. 70), plaintiff's sur-reply (doc. 71), the Bank's motion to strike the sur-reply (doc. 74), and plaintiff's response (doc. 75). We also have before us plaintiff's motion for summary judgment (doc. 69), the Bank's response (doc. 72), plaintiff's reply (doc. 73); plaintiff's motion to compel production of documents (doc. 51), the Bank's response (doc. 56); and plaintiff's motion to compel agency (doc. 63), and the Bank's response (doc. 66).

**I**

On March 15, 2007, Countrywide Bank made a mortgage loan to Joy Sondeno in the principal amount of $123,000.00 ("Loan") related to the purchase of real property located in Kingman, Arizona ("Property"). DSOF, ex. 1. On February 13, 2012, Sondeno executed a quit claim deed purporting to transfer her interest in the Property to James L. Jones, Jr., plaintiff in this case. Sondeno was in default and the loan was in foreclosure at the time of

1  the transfer, the last payment having been made in May 2011. Compl., ex. B. On February
2  21, 2012, plaintiff sent the Bank a purported "Electronic Fund Transfer (EFT) instrument
3  #227" in the amount of $148,468.82 for payment on the Loan. Id. Although plaintiff refers
4  to the alleged payoff document an "EFT," the copy of the item plaintiff attached as exhibit
5  B to his complaint appears to be a personal check. See Compl., ex. B. Shortly after sending
6  the purported payoff funds, plaintiff filed this action on March 21, 2012, seeking to quiet title
7  to the Property. On April 11, 2012, the Bank sent Plaintiff a letter rejecting EFT #227,
8  explaining that the EFT was an unacceptable form of tender and informing plaintiff that the
9  payoff must be made with "certified funds," including "money order, cashier's check, or wire
10 transfer." DSOF, ex. 5, ex. E. It is undisputed that the Bank never accepted funds from
11 plaintiff. There is no claim that plaintiff ever re-tendered the funds in a form acceptable to
12 the Bank. The Loan remains in default and carries a balance of $155,317.48.

## II

14 Plaintiff's sur-reply to the Bank's motion for summary judgment (doc. 71) is not
15 authorized by LRCiv 7.2 and is therefore stricken (doc. 74).

## III

17 Plaintiff's motion to compel agency (doc. 63) demands that the Bank's lawyer provide
18 proof of his status as agent of the Bank. We have already held that defendant's lawyers are
19 not required to prove that they have a contract to represent defendant and that plaintiff's
20 demand is frivolous. See Order (doc. 26) at 2. Plaintiff's motion to compel agency is denied
21 (doc. 63).

## IV

23 Rule 26(b)(1), Fed. R. Civ. P., provides that a party may discover information that is
24 relevant to the party's claim or defense. Plaintiff's motion to compel seeks the production
25 of documents related to a loan to which he is not a party. Specifically, plaintiff seeks to
26 compel a currency trace, an S3-A registration statement, a 424 B-5 prospectus, the original
27 deed of trust and promissory note, and answers to various legal questions. None of these
28 documents are relevant to plaintiff's quiet title claim, and the burden of the compelled

1  discovery would outweigh its likely benefit. Plaintiff's motion to compel production of
2  documents is denied (doc. 51).

**V**

Both parties move for summary judgment on plaintiff's quiet title claim. To quiet title a plaintiff must allege that he possesses title to the property, and that he has paid off any mortgage in full. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien."). The mere offer to pay without actual payment is insufficient to maintain an action to quiet title.

Plaintiff's claim to title is questionable. There is a lawful security interest on the Property that pre-dated plaintiff's acquisition. Therefore, even assuming plaintiff has any title to the Property it is subject to that security interest. In the absence of a tender of the full amount due on the Loan and in a form acceptable to the Bank, plaintiff cannot successfully maintain an action for quiet title. Plaintiff has not shown that he has paid off the Loan. Therefore, he is not entitled to quiet title to the Property. Plaintiff's motion for summary judgment is denied (doc. 69). The Bank's motion for summary judgment is granted (doc. 60).

**VI**

**IT IS ORDERED GRANTING** the Bank's motion to strike sur-reply (doc. 74), **DENYING** plaintiff's motion to compel agency (doc. 63), and **DENYING** plaintiff's motion to compel production of documents (doc. 51).

**IT IS FURTHER ORDERED GRANTING** the Bank's motion for summary judgment (doc. 60), and **DENYING** plaintiff's motion for summary judgment (doc. 69).

The clerk shall enter final judgment.

DATED this 19th day of June, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge